**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BGI, INC., f/k/a BORDERS GROUP, INC.,<br><br>     Debtor. | |
| ROBERT TRAKTMAN,<br><br>     Appellant,<br><br>v.<br><br>BGI CREDITORS' LIQUIDATING TRUST AND CURTIS R. SMITH, in his capacity as the Liquidating Trustee,<br><br>     Appellees. | Case No. 1:13-cv-00080-AJN<br><br>On Appeal from the United States Bankruptcy Court for the Southern District of New York |

---

**MEMORANDUM OF LAW IN SUPPPORT OF**
**APPELLEES' MOTION TO DISMISS APPEAL**

---

**LOWENSTEIN SANDLER LLP**
Bruce Buechler, Esq.
Bruce S. Nathan, Esq.
Andrew Behlmann, Esq.
1251 Avenue of the Americas, 17th Floor
New York, New York 10020

- and -

65 Livingston Avenue
Roseland, New Jersey 07068

*Attorneys for Appellees BGI Creditors'*
*Liquidating Trust and Curtis R. Smith, as*
*Liquidating Trustee of the BGI Creditors'*
*Liquidating Trust*

The BGI Creditors' Liquidating Trust (the "Trust"), as successor to BGI, Inc. (f/k/a Borders Group, Inc.) and its affiliated chapter 11 debtors and debtors-in-possession (collectively, the "Debtors" or "Borders"), pursuant to the confirmed *First Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* (the "Plan") [BK Docket No. 2110, Ex. A][1], and Curtis R. Smith, as the Liquidating Trustee of the Trust (in such capacity, the "Trustee" and collectively with the Trust, the "Appellees"), hereby submit this memorandum of law in support of their motion (the "Motion") to dismiss the appeal (the "Appeal") by Robert Traktman ("Traktman") from the order (the "25th Omnibus Order") [BK Docket No. 2967][2] entered on November 26, 2012 by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), granting the Appellees' twenty-fifth omnibus objection to the allowance of certain claims (the "25th Omnibus Claims Objection"),[3] which order expunged the proof of claim filed by Traktman because it was not timely filed.  In support of the Motion, the Appellees respectfully state as follows:

## JURISDICTION

The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 158(a)(1) and Fed. R. Bankr. P. 8011(a).

## PRELIMINARY STATEMENT

Traktman's appeal from the 25th Omnibus Order must be dismissed because Traktman, by failing to respond to the 25th Omnibus Claims Objection either in writing or at the hearing before the Bankruptcy Court on the 25th Omnibus Claims Objection, either (i) waived all issues

---

[1] References to "[BK Docket No. __]" refer to entries on the Bankruptcy Court's docket in the bankruptcy case below.  Copies of all documents referred to in this Memorandum of Law are annexed as exhibits to the Declaration of Andrew Behlmann, Esq. submitted herewith (the "Behlmann Decl.").
[2] A copy of the 25th Omnibus Order is annexed to the Behlmann Decl. as Exhibit A.
[3] A copy of the 25th Omnibus Claims Objection is annexed to the Behlmann Decl. as Exhibit B.

related to the 25th Omnibus Claims Objection or the relief granted in the 25th Omnibus Order on appeal or (ii) failed to preserve any issues for appellate review.

## RELEVANT BACKGROUND

The Debtors, formerly one of the nation's largest retail bookstore operators, commenced voluntary chapter 11 bankruptcy cases in the Bankruptcy Court on February 16, 2011 (the "Petition Date").

On April 8, 2011, the Bankruptcy Court entered an order (the "Bar Date Order") [BK Docket No. 580] establishing June 1, 2011 as the last date for creditors (other than governmental entities) holding prepetition claims against the Debtors to file proofs of claim in respect of such claims (the "General Bar Date").[4]   The Bar Date Order directed the Debtors to provide actual notice by mail of the General Bar Date by mail to, among other enumerated parties, "all known creditors and other known holders of claims as of the date of [the Bar Date Order]" and to publish notice of the General Bar Date once in the National Edition of the New York Times at least 28 days prior to the General Bar Date.   Id. at 7–8 (emphasis added).   The Bar Date Order and notice listed certain classes of creditors that were not required to file proofs of claim by the Claims Bar Date.   Holders of Gift Cards were not among the creditors excluded from the Claims Bar Date.

The Debtors complied with all of the notice provisions set forth in the Bar Date Order. The Debtors not only published notice of the General Bar Date in the New York Times, but the notice of the General Bar Date and copies of proof of claim forms were also published on the Debtors'   *www.bordersreorganization.com*   and   the   Creditors'   Committee's *www.borderscommittee.com* websites.   See BK Docket No. 715 (the "Aff. of Publication") at 1;[5]

---

[4] A copy of the Bar Date Order is annexed to the Behlmann Decl. as Exhibit C.
[5] A copy of the Aff. of Publication is annexed to the Behlmann Decl. as Exhibit D.

BK Docket No. 2701 (the "Matson Decl.") at ¶¶ 17–18.[6]  The Debtors also cross-referenced their *www.bordersreorganization.com* website, which contained notice of the General Bar Date and the form proof of claim, in various press releases they issued during the bankruptcy cases.  See Matson Decl. at ¶ 13.

On August 11, 2011, the Bankruptcy Court entered an order approving procedures for objecting to claims in the Debtors' bankruptcy cases (the "Claim Procedures Order") [BK Docket No. 1518].[7]  Pursuant to the Claim Procedures Order, the Appellees may file objections against up to two hundred claims together in a single omnibus objection, and claimants to whose claims the Appellees object are required to respond, if at all, by 4:00 p.m., Prevailing Eastern Time, on the date that is twenty-one days after the date the relevant omnibus claim objection was filed and served (unless such date falls on a Saturday, Sunday, or federal holiday, in which case the deadline would be 4:00 p.m., Prevailing Eastern Time, on the preceding business day).  See Claim Procedures Order, ¶ 2.

On February 4, 2012, approximately eight months after the General Bar Date had passed, Traktman filed a proof of claim [Claim No. 4666][8] asserting a priority unsecured claim of $100 in amount.

On October 26, 2012, the Appellees filed the 25th Omnibus Claims Objection, objecting to, among other claims, the untimely claim asserted by Traktman.  The 25th Omnibus Claims Objection was served by first-class mail on Traktman at his home address (as indicated on his proof of claim) and by electronic mail on his counsel of record—the firms of Krislov & Associates and Perkins Coie LLP.  See BK Docket No. 2932 (the "Affidavit of Service").[9]

---

[6] A copy of the Matson Decl. is annexed to the Behlmann Decl. as Exhibit E.
[7] A copy of the Claim Procedures Order is annexed to the Behlmann Decl. as Exhibit F.
[8] A copy of Traktman's proof of claim is annexed to the Behlmann Decl. as Exhibit G.
[9] A copy of the Affidavit of Service is annexed to the Behlmann Decl. as Exhibit H.

Pursuant to the Claim Procedures Order and the notice of hearing on the 25th Omnibus Claims Objection (the "Notice of Hearing") [BK Docket No. 2931],[10] the deadline to respond to the 25th Omnibus Claims Objection was November 16, 2012 at 4:00 p.m. (Prevailing Eastern Time). However, neither Traktman nor anyone acting on his behalf ever filed a written response or objection to the 25th Omnibus Objection.

The Bankruptcy Court held a hearing on the 25th Omnibus Objection on November 26, 2012. Although Traktman and his counsel were given proper notice of the hearing, neither Traktman nor anyone acting on his behalf appeared at the hearing to oppose the expungement of his claim. See Transcript of Nov. 26 Hearing (the "Nov. 26 Tr.") at 3:1–11.[11] The Bankruptcy Court granted the 25th Omnibus Objection as to Traktman because it was undisputed that Traktman filed his proof of claim late—some eight months after the General Bar Date. Accordingly, on November 26, 2012, the Bankruptcy Court entered the 25th Omnibus Order, expunging Traktman's claim as untimely filed.

On December 7, 2012, Traktman filed a notice of appeal from the 25th Omnibus Order, a statement of issues on appeal, and a designation of contents of the record on appeal [BK Docket Nos. 2982–84]. The Appellees filed a designation of additional items to be included in the record on appeal on December 21, 2012 [BK Docket No. 3004].

## ARGUMENT

**THE APPEAL MUST BE DISMISSED BECAUSE TRAKTMAN WAIVED ALL ISSUES ON APPEAL OR, ALTERNATIVELY, FAILED TO PRESERVE ANY ISSUES FOR APPELLATE REVIEW.**

Federal appellate courts "will not consider an issue raised for the first time on appeal." Schnabel v. Trilegiant Corp., 697 F.3d 110, 130 (2d Cir. 2012) (citation omitted); see, e.g., In re

---

[10] A copy of the Notice of Hearing is annexed to the Behlmann Decl. as Exhibit I.
[11] A copy of the Nov. 26 Tr. is annexed to the Behlmann Decl. as Exhibit J.

Fayolle, 159 Fed. Appx. 221, 222 (2d Cir. 2005) ("[W]e hold the plaintiff waived all arguments not presented in the proceedings before the Bankruptcy Court . . . ."); Midland Cogeneration Venture L.P. v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 126 (2d Cir. 2005) (same); Kamagate v. Ashcroft, 385 F.3d 144, 151 (2d Cir. 2004) ("The law is well established that a federal appellate court will generally not consider an issue or argument not raised [below]."); Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc., 290 F.3d 98, 109 (2d Cir. 2002) (same); In re DBSD N. Am., Inc., 427 B.R. 245, 252, 255 (S.D.N.Y. 2010) (holding that appellant waived an argument not raised before the Bankruptcy Court).

Because federal appellate courts will not consider issues not raised in lower courts, it logically follows that an appellant who raised *no* issues below by failing to object to a motion cannot appeal from an order granting that motion because no issues were preserved for appellate review.  See In re Haas, 1999 WL 35128695, at *3 (B.A.P. 1st Cir. Oct. 21, 1999) (slip op.) (per curiam).  In Haas, the appellant, Mr. Haas (a chapter 13 debtor), failed to object to the chapter 13 trustee's motion to convert or dismiss his bankruptcy case.  Id. at *2.  The Bankruptcy Appellate Panel of the First Circuit held that Mr. Haas, by failing to object in the bankruptcy court to the trustee's motion to convert or dismiss his bankruptcy case, had waived any argument on appeal because "[a] party who fails to object to a motion in the bankruptcy court waives any argument on appeal that the bankruptcy court erred in granting the motion."  Id. at *3.  The same result is mandated here: because Mr. Traktman never objected in the Bankruptcy Court to the 25th Omnibus Claims Objection, he has waived any argument on appeal that the Bankruptcy Court erred in entering the 25th Omnibus Order and expunging his claim.

An appellant may only raise on appeal a new argument that the appellant failed to raise below "if there is a risk that 'manifest injustice' would otherwise result."  Schnabel, 697 F.3d at

130 (quoting <u>Katel Ltd. v. AT&T Corp.</u>, 607 F.3d 60, 68 (2d Cir. 2010)) (modification in original).  However, "the circumstances normally do not militate in favor of an exercise of discretion to address . . . new arguments on appeal where those arguments were available to the [parties] below and they proffer no reason for their failure to raise the arguments below."  <u>In re Nortel Networks Corp. Sec. Litig.</u>, 539 F.3d 129, 133 (2d Cir. 2008) (citation omitted) (modification in original); <u>see also</u> <u>Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.</u>, 396 F.3d 96, 124 n.29 (2d Cir. 2005) ("'The law in this Circuit is clear that where a party has shifted his position on appeal and advances arguments available but not pressed below, . . . waiver will bar raising the issue on appeal.'") (modification in original) (citation omitted).

Traktman raised *no* issues in the Bankruptcy Court because he never responded to the 25th Omnibus Claims Objection, despite proper service on both Traktman and his attorneys.  Accordingly, Traktman has waived or, alternatively, failed to preserve any basis to appeal from the 25th Omnibus Order.  No manifest injustice would befall Traktman by the dismissal of the Appeal because his failure to respond to or oppose the 25th Omnibus Claims Objection was solely in his control.  Traktman and his counsel knew that the Bankruptcy Court did not previously deal with Traktman's claim in connection with prior litigation by other gift card holders who filed late claims.  <u>See</u> <u>In re BGI, Inc.</u>, 476 B.R. 812, 817 n.1 (Bankr. S.D.N.Y. 2012) ("Robert Traktman was not originally included in the Late Claim Motion.  Traktman . . . never filed a joinder to the Late Claim Motion. . . . However, the Court has neither seen nor granted a request by Mr. Traktman to join in the Late Claim Motion and does not rule on any such request in this Opinion.").  Thus, any issue Traktman attempts to raise with respect to the 25th Omnibus Order in this Court is, by definition, raised for the first time on appeal.  No manifest injustice would result from denying Traktman the ability to appeal from the 25th

Omnibus Order because he never opposed the 25th Omnibus Claims Objection in the Bankruptcy Court.  Any arguments Traktman might raise in support of the Appeal were readily available to him in the Bankruptcy Court below.  However, because Traktman and his counsel have proffered no reason for their failure to respond to the 25th Omnibus Claims Objection and timely raise those arguments in the Bankruptcy Court, this Court should not address the arguments Traktman now seeks to raise for the first time on appeal.[12]  See Nortel, 539 F.3d at 133.  Therefore, the Appeal must be dismissed.

## NOTICE, NO PRIOR REQUEST, AND RESERVATION OF RIGHTS

Notice of the Motion has been given to Traktman through his counsel of record, Krislov & Associates.[13]  The Appellees submit that no other or further notice of the Motion is required. No previous request for the relief sought herein has been made to this or any other court.  The Appellees expressly reserve all arguments, counterarguments, defenses, claims, counterclaims, cross-claims, and other rights with respect to the Appeal, including the right to seek dismissal of the Appeal on the bases asserted herein or any other basis by further motion or in the Appellees' appellate briefs, if any.

*[ signature page follows ]*

---

[12] Traktman also did not file a motion in the Bankruptcy Court seeking reconsideration of the 25th Omnibus Order to assert before the Bankruptcy Court any basis for his failure to respond to the 25th Omnibus Claims Objection. Rather, Traktman simply filed a notice of appeal.

[13] Only the law firm of Krislov & Associates is listed as counsel of record on Traktman's notice of appeal, statement of issues, and designation of the record on appeal.  However, out of an abundance of caution, the Appellees have also served notice of the Motion and a copy of this Memorandum of Law and the Behlmann Decl. upon Perkins Coie LLP, previously also identified as counsel to Traktman in the Debtors' bankruptcy cases.

## CONCLUSION

For all of the foregoing reasons, the Court should (i) dismiss the Appeal and (ii) grant the

Appellees such other and further relief as the Court deems just and proper.


Dated: January 7, 2013

Respectfully Submitted,

**LOWENSTEIN SANDLER LLP**

By:      */s/ Bruce Buechler*
     Bruce Buechler, Esq.
     Bruce S. Nathan, Esq.
     Andrew Behlmann, Esq.
     1251 Avenue of the Americas
     New York, New York 10020
     Tel: (212) 262-6700
     Fax: (212) 262-7402

     - and -

     65 Livingston Avenue
     Roseland, NJ 07068
     Tel: (973) 597-2500
     Fax: (973) 597-2400

     *Attorneys for Appellees BGI Creditors'*
     *Liquidating Trust and Curtis R. Smith, as*
     *Liquidating Trustee of the BGI Creditors'*
     *Liquidating Trust*